UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 14-2283 |
| OFFICER D. DYER, *et al.*, | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Statesville Correctional Center, files this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging failure to protect from harm, excessive force, and deliberate indifference to a serious medical need that occurred while he was incarcerated at Jerome Combs Detention Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff sued five (5) defendants: four correctional officers and a doctor. Plaintiff alleges that on May 26, 2014 he was assaulted by another inmate at Jerome Combs Detention Center. From this assault, Plaintiff suffered a lump on his eye and a swollen lip. Plaintiff alleges that the other inmate should not have been allowed into his area of the prison. At some point during, or after, the assault, Plaintiff was tased three times. Plaintiff alleges that officers used excessive force when removing the taser darts from his body, causing blood to spurt from the wounds. Plaintiff alleges he saw a doctor several days later, but that the care was inadequate.

## ANALYSIS

### Failure to Protect

Plaintiff alleges that Defendants Dyer and Littrell failed to protect him from harm by allowing another inmate into Plaintiff's area of the prison, in violation of a prison policy.

The Eighth Amendment imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the

inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). The duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Id. at 834. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996) (quoting McGill v. Duckworth, 944 F.3d 344, 349 (7th Cir. 1991)). Liability attaches where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen…." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Potentially, Plaintiff has a claim for failure to protect against these defendants.  However, Plaintiff has not alleged specific facts that show an excessive risk that Plaintiff would be harmed by this particular inmate, much less that Defendants Dyer and Littrell knew of and appreciated such a risk, but failed to act. If Plaintiff were to describe why this inmate was a threat, how the defendants knew of the threat, and what reasonable steps the defendants failed to take, then Plaintiff may be able to state a claim.  At this point, though, Plaintiff has not done so.  Accordingly, Plaintiff is given leave to file an amended complaint on this issue.

## **Excessive Force**

Plaintiff alleges a claim of excessive force related to the use of a taser: first, when Defendant Hertz tased him; and, second, when Defendant Villafuerte removed the taser darts in a forceful manner. As a result, Plaintiff alleges he hit his head on the floor and bled excessively from the dart wounds.

In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6

(1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson).  In making this determination, the court may examine several factors, "including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Dewalt, 224 F.3d at 619.  Significant injury is not required, but "a claim ordinarily cannot be predicated on a *de minimis* use of physical force."  Id. at 620 (citing Hudson, 503 U.S. at 9-10).  "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights."  Id.

Plaintiff was involved in some type of altercation with another inmate.  Regardless of whether the other inmate was the aggressor, which Plaintiff alleges and the Court accepts as true at this point, the actions of Defendants Hertz and Villafuerte do not amount to a constitutional violation.  From the facts alleged, the Defendants were responding to a fight.  Nothing indicates that Defendant Hertz's actions were motivated by the intent to maliciously and sadistically cause harm to the Plaintiff.  Furthermore, once the

taser darts were embedded in Plaintiff's body, one could expect a reasonable amount of force would be needed to remove them. Given Plaintiff's relatively minor injuries, Plaintiff cannot show that the amount of force used by Defendants Hertz and Villafuerte was excessive. Therefore, the Court finds that Plaintiff has failed to state a claim against Defendants Hertz and Villafuerte.

### **Deliberate Indifference to a Serious Medical Need**

Plaintiff alleges facts that suggest he is trying to assert a claim against the John Doe medical doctor named in his Complaint for deliberate indifference to a serious medical need.

To prevail, Plaintiff must show that prison officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The deliberate indifference standard is the same as described above, and "[a]n objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted).

Plaintiff's injuries, as described, do not rise to the level of a serious medical need.  Plaintiff has alleged that he suffered a lump above his eye, a busted lip, and puncture wounds from the taser darts.  Furthermore, Plaintiff has not alleged that he was denied medical treatment, rather, that he did not receive the desired treatment.  A mere disagreement with the course of treatment does not constitute a claim for deliberate indifference to a serious medical need.  <u>Snipes v. DeTella</u>, 95 F.3d 586, 591 (7th Cir. 1996) (citations omitted).  Therefore, Plaintiff has not stated a claim under the Eighth Amendment.

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint with respect to defendants Dyer and Littrell.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all

allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk is directed to dismiss Defendants Hertz, Villafuerte, and John Doe medical doctor for failure to state a claim.

ENTERED: March 5, 2015

FOR THE COURT:

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE